﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190517-41119
DATE: April 30, 2020

ORDER

Service connection for neuropathy of the bilateral feet (claimed as bilateral foot numbness) as secondary to in-service chemical exposure is granted.

FINDING OF FACT

The evidence of record demonstrates that Veteran’s neuropathy of the bilateral feet (claimed as bilateral foot numbness) is due to his military service, to in-service chemical exposure (trichloroethylene/TCE) therein.

CONCLUSION OF LAW

The criteria for service connection for the Veteran’s neuropathy of the bilateral feet (claimed as bilateral foot numbness) as secondary to in-service chemical exposure are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from February 1955 to November 1958. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a February 2017 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran submitted a timely Notice of Disagreement, VA Form 21-0958, in the Legacy appeals system.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). 

Subsequent to the April 2019 statement of the case, the Veteran submitted a timely VA Form 10182 notice of disagreement to the Board, opting this appeal into the modernized appeals system, by requesting the AMA Hearing Lane. In January 2020, the Veteran testified before the undersigned via videoconference. A copy of the hearing transcript is included in the claims file. 

In February 2020, the Veteran timely submitted additional evidence in support of his claim. Accordingly, the Board has considered the evidence that was of record as of the April 2019 statement of the case, as well as the evidence that was submitted during the January 2020 Board hearing and received within 90 days following that hearing.

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). “To establish a right to compensation for a present disability, a Veteran must show: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service”—the so-called “nexus” requirement.” Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

In this case, the Veteran asserts that his neuropathy of the bilateral feet (or bilateral foot numbness) is related to his exposure to TCE during military service, when he cleaned floors with that chemical in an aviation hangar. 

The Board reflects that the Veteran is shown to have neuropathy of the bilateral feet diagnosed in his VA treatment records. Additionally, during his hearing, the Veteran reported that TCE was used to clean the floors of the hangars after the aircraft may have been exposed to hazardous materials; and to clean residual oil, fuel, and hydraulic fuel off the floor. He indicated that they would dump 50-gallon drums on the floor and sweep it up with brooms. He stated that his boots and feet would be soaked with the chemical by the end of his duty shift. In support of this assertion, the Veteran also submitted a February 2020 statement from W.R.S., a fellow serviceman who was a part of his crew, that corroborated his accounts of cleaning with TCE. The Board reflects that the Veteran’s military occupational specialty (MOS) noted on his Form DD-214 was as a command power and supply repairman in the United States Air Force.

Consequently, based on the Veteran’s and W.R.S.’s statements, as well as the Veteran’s MOS during military service, the Board finds the Veteran’s statements regarding exposure to TCE to be competent, credible and probative. Specifically, the Board notes that such TCE exposure would be consistent with the types, places and circumstances of the Veteran’s military service. See 38 U.S.C. § 1154(a). 

Accordingly, the first two elements of service connection are conceded in this case and therefore the case turns on the nexus element.

In a February 2017 VA opinion, the examiner indicated, in part, that it is less likely than not the Veteran’s bilateral foot neuropathy incurred in or was caused by the claimed in-service injury, event or illness. She reasoned that there is no evidence that TCE exposure causes any type of neuropathy, and no evidence that any exposure over 50 years ago causes symptoms half a century late.

In an April 2017 statement, R.M.A., DPM, the Veteran’s treating podiatrist stated that the current bilateral foot neuropathy was most likely caused by or the result of TCE exposure during military service. He reasoned that this chemical is a proven cause of neuropathy if it soaks into the shoes and the feet.

Based on the foregoing evidence, and by resolving all doubt in favor of the Veteran, the Board finds that the evidence is at least in equipoise with respect to whether the Veteran’s conceded in-service exposure to TCE caused his neuropathy of the bilateral feet. Although the Board acknowledges the February 2017 VA examiner’s opinion, that examiner did not address the Veteran’s lay statements of neuropathy during military service after exposure to TCE which resolved but would recur with repeated exposure. In contrast, the Veteran and W.R.S.’s statements indicate neuropathy symptoms during service that have been intermittent since service and when coupled with Dr. R.M.A.’s opinion demonstrates at least a balance of evidence for and against finding a nexus in this case.

Accordingly, service connection for neuropathy of the bilateral feet (claimed as bilateral foot numbness) is warranted in this case based on the evidence of record at this time. See 38 C.F.R. § 3.303. In so reaching that conclusion, the Board has appropriately applied the benefit of the doubt doctrine in this case. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102.

 

 

MARTIN B. PETERS

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. McPhaull, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.